IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERISH BERGER,** | : | |
|     Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **ELI WEINSTEIN, RAVINDER** | : | |
| **CHAWLA, 2040 MARKET** | : | |
| **ASSOCIATES, LP, JFK BLVD** | : | |
| **ACQUISITION PARTNERS, LP, UBS** | : | |
| **REAL ESTATE SECURITIES, INC.,** | : | |
| **MARK SAHAYA, PINE PROJECTS,** | : | |
| **LLC, MONTGOMERY ABSTRACT,** | : | |
| **WORLD ACQUISITION PARTNERS** | : | |
| **CORP.,** | : | **NO. 07-994** |
|     Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                      **September 18, 2007**

      This brief memorandum is intended to inform the parties and clarify the status of the present litigation for appellate review.

      On Monday, September 10, 2007, this Court held an evidentiary hearing to address three motions: (1) Defendants 2040 Market Associates, LP and JFK BLVD Acquisition Partners, LP's Joint Motion to Strike Plaintiff's Notice of Lis Pendens; (2) Defendants Eli Weinstein and Pine Projects LLC's ("Pine Projects") Emergency Motion to Stay Proceedings and Compel Arbitration; and (3) Plaintiff's Motion for Preliminary Injunction. The Court heard argument on the motions in the preceding order.

      From the bench, and subsequently by Order dated September 12, 2007, the Court denied without prejudice Defendants Weinstein and Pine Project's Emergency Motion to Stay Proceedings

and Compel Arbitration, pending Weinstein's formal application to the London Beth Din and an acceptance of the application by that body. Immediately following the Court's ruling from the bench, Weinstein and Pine Projects, through their attorneys, informed the Court of their intention to appeal. The Court then proceeded with its hearing as to Plaintiff's motion for preliminary injunction.

It is this Court's position that, regardless of the outcome of the pending appeal, this Court will retain jurisdiction over Plaintiff's motion for preliminary injunction subsequent to the Appellate Court's ruling. As a threshold matter, the Federal Arbitration Act does not divest a district court of jurisdiction for the purposes of issuing preliminary injunctive relief. *See Ortho Pharm. Corp. v. Amgen, Inc.*, 882 F.2d 806, 812 (3d Cir. 1989) ("'We believe that the congressional desire to enforce arbitration agreements would frequently be frustrated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration and, *ipso facto*, the meaningfulness of the arbitration process.'") (*quoting Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 47 (1st Cir. 1986)). As such, even if Defendant Weinstein and Plaintiff entered into a valid agreement to submit to binding arbitration, this Court will have jurisdiction to adjudicate Plaintiff's motion for preliminary injunction as to Defendant Weinstein prior to that proceeding. In exercising jurisdiction, the Court will apply the traditional test for injunctive relief, in order to determine whether an irreparable harm can be avoided by preserving the status quo pending the outcome of arbitration.[1] *Id.* at 812-814.

---

[1] In determining whether to issue injunctive relief, a court looks to four guiding factors: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant has shown that irreparable harm will occur if temporary relief is not granted; (3) whether other interested parties will be harmed by the grant or denial of the injunction; and (4) whether public interest favors such relief. *Child Evangelism Fellowship of N.J., Inc. v. Stafford*

Furthermore, Plaintiff's motion for preliminary injunction is directed at all nine defendants in this action, and not simply Defendant Weinstein and his company, Pine Projects. As such, the Court will retain jurisdiction over Plaintiff's motion for preliminary injunction as it affects those parties who are not subject to the alleged arbitration agreement. *See AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) (court shall determine scope of arbitration agreement) (*quoting John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-47 (1964)).

Therefore, regardless of whether an agreement existed between Plaintiff and Weinstein to submit the underlying dispute to the Beth Din, pending resolution of the appeal and unless instructed otherwise, it is this Court's intention to resume its preliminary injunction hearing in accordance with this Memorandum.

BY THE COURT:

**Berle M. Schiller, J.**

---

*Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004).